**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiff,*
Sandra Kumar

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA KUMAR,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND,**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

*///*

*KAZEROUNI LAW GROUP, APC*
*245 FISCHER AVENUE, SUITE D1*
*COSTA MESA, CA 92626*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff SANDRA KUMAR ("Plaintiff"), through her attorneys, brings this lawsuit to challenge the actions of Defendants BANK OF AMERICA, NATIONAL ASSOCIATION (individually as "Bank of America" or collectively as "Defendants"); EQUIFAX INFORMATION SERVICES, LLC (individually as "Equifax" or collectively as "Defendants"); EXPERIAN INFORMATION SOLUTIONS, LLC (individually as "Experian" or collectively as "Defendants"); and, TRANS UNION LLC (individually as

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

"Trans Union" or collectively as "Defendants"), with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiff concerning the inaccurate date Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); and, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

11. Because Defendants conduct business within the State of California, personal

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1    jurisdiction is established.

2    12.  Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i)
3         Plaintiff resides in the County of San Bernardino, State of California which is
4         within this judicial district; (ii) the conduct complained of herein occurred
5         within this judicial district; and, (iii) Defendants conducted business within
6         this judicial district at all times relevant.

7                                        **PARTIES**

8    13.  Plaintiff is a natural person who resides in the City of Chino Hills, County of
9         San Bernardino, in the State of California from whom a debt collector sought
10        to collect a consumer debt which was due and owing or alleged to be due and
11        owing from Plaintiff, and is a "debtor" as that term is defined by California
12        Civil Code § 1788.2(h).  In addition, Plaintiff is a "consumer" as that term is
13        defined by 15 U.S.C. § 1692a(3); and, 15 U.S.C. § 1681a(c).

14   14.  Defendant Bank of America is a corporation incorporated in the State of North
15        Carolina.

16   15.  Defendant Equifax is a limited liability company incorporated in the State of
17        Georgia.

18   16.  Defendant Experian is a corporation incorporated in the State of Ohio.

19   17.  Defendant Trans Union is a limited liability company incorporated in the State
20        of Delaware.

21   18.  Bank of America is a furnisher of information as contemplated by FCRA
22        sections 1681s-2(a) & (b), that regularly and in the ordinary course of
23        business furnish information to one or more consumer reporting agencies
24        about consumer transactions or experiences with any consumer.

25   19.  Defendants Equifax; Experian; and, Trans Union are each a "consumer
26        reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

27   ///

28   ///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

20. Plaintiff is informed and believes, and thereon alleges, that Bank of America, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

22. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

23. Furthermore, Defendants conducted business within the State of California at all times relevant.

24. Plaintiff is alleged to have incurred financial obligations to Bank of America, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

25. According to Bank of America, said obligation allegedly arose in or about 2006; however, Plaintiff did obtain such a loan from Bank of America at any time nor is Plaintiff aware of any loan ending in 7212.

26. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

27. In or about 2013, Plaintiff became aware that Defendants were reporting a continuing obligation to Bank of America for loan number ending in 7212 on Plaintiff's credit report.

28. As a result, Plaintiff disputed the tradeline on Plaintiff's credit report with Defendants in May 2013.

29. After failing to receive an adequate response, Plaintiff disputed the tradeline telephonically with Bank of America on September 19, 2013.

30. Thereafter, Bank of America acknowledged Plaintiff's dispute via written communication dated October 17, 2013 and informed Plaintiff that any reference to loan ending in 7212 would be removed from Plaintiff's credit report within 60-90 days.

31. Despite said representation, Defendants continue to report the inaccurate information and assert that said information is being reported by Bank of America, the data furnisher.

32. Defendants, upon receiving notice of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by the FCRA.

33. Due to Defendants' failure to investigate, Defendants failed to update Plaintiff's credit file with the correct information and continue to report inaccurate information in violation of the FCRA.

34. By inaccurately reporting Plaintiff's alleged delinquency, Defendants failed to take reasonable procedures to assure maximum accuracy of information concerning Plaintiff credit file and is in violation of 15 U.S.C. § 1681 et seq.

35. Through this conduct, Bank of America violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in attempting to collect an alleged debt that does not belong to Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

36. Through this conduct, Bank of America violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of the alleged debt as one owed by Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant violated Cal. Civ. Code § 1788.17.

37. Through this conduct, Bank of America violated 15 U.S.C. § 1692e(8) by communicating false information concerning Plaintiff to the credit bureaus. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant violated Cal. Civ. Code § 1788.17.

38. Through this conduct, Bank of America violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect an alleged debt from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Bank of America violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Bank of America violated 15 U.S.C. § 1692f(1) by collecting an alleged debt from Plaintiff that Bank of America was not expressly authorized by the agreement creating the debt nor permitted by law to collect from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant violated Cal. Civ. Code § 1788.17.

41. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

42. Through this conduct, Bank of America took actions against Plaintiff concerning the alleged debt in violation of the statute discussed above. Consequently, Defendants violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(8); 1692e(10); 1692f; and, 1692f(1).

## CAUSE OF ACTION

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681 ET SEQ.

## [AGAINST ALL DEFENDANTS]

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

45. Defendants' violations include, but are not limited to the following:

   a.   Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of information concerning the Plaintiff.

46. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff in the sum of Plaintiff's actual damages, punitive damages, costs, and reasonable attorney's fees.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code § 1788, et seq.

## [AGAINST DEFENDANT BANK OF AMERICA ONLY]

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

49.  As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.  In addition, Plaintiff and the members of the class an award of damages to the class in amount of $500,000 or 1 percent of the net worth of Defendant pursuant to Cal. Civ. Code § 1788.17.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

50.  For each incident of willful noncompliance:

a.  An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

b.  An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

c.  An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

d.  An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

e.  An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA.

///

///

f.   An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually

g.   an award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

h.   an award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA; and,

i.   any and all other relief the Court deems just and proper.

Dated: April 18, 2014                          Respectfully submitted,

                                    KAZEROUNI LAW GROUP, APC

                                    By: ___/s/ Matthew M. Loker___
                                         MATTHEW M. LOKER, ESQ.
                                         ATTORNEY FOR PLAINTIFF

### TRIAL BY JURY

51.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 18, 2014                          Respectfully submitted,

                                    KAZEROUNI LAW GROUP, APC

                                    By: ___/s/ Matthew M. Loker___
                                         MATTHEW M. LOKER, ESQ.
                                         ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626